[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-11228
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00046-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE HANNA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 7, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

This case comes before the Court for consideration in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). We previously affirmed Appellant's sentence. *See United States v. Hanna*, 125 Fed.Appx. 270 (11th Cir.2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*. Appellant Jessie Hanna appeals her 15-month sentence for (1) conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(D), and 846 (Count 1); and (2) possession of counterfeit federal reserve notes, in violation of 18 U.S.C. §§ 472 and 2 (Count 3). For the reasons that follow, we affirm Hanna's sentences.

In *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 757,160 L. Ed. 621 (2005), the Supreme Court held use of the Federal Sentencing Guidelines must be advisory only. Hanna readily admits that she did not raise any objection in the district court under *Apprendi*, *Blakely*, or the Sixth Amendment. Because Hanna was sentencing pursuant to the then-mandatory guidelines scheme, and she raised no objection to the sentencing below, the plain error standard is applicable to this case. *United States v. Shelton*, 400 F.3d 1325, 1328 (11th Cir. 2005) (applying plain error review to statutory *Booker* error). Hanna argues that the district court

plainly erred by imposing a sentence pursuant to the then-mandatory Federal Sentencing Guidelines.

There is no dispute that the first two prongs of the plain error test satisfied here. *See Shelton*, 400 F.3d at 1330-31 (noting that the first two prongs require "error" that is "plain" and sentencing pursuant to the then-mandatory guidelines scheme satisfies these prongs, even without the presence of a Sixth Amendment violation). With regard to the third prong of the plain error test, the defendant must establish "that the plain error affects his substantial rights." *Shelton*, 400 F.3d at 1331 (quotation omitted). The defendant must demonstrate "'a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge.'" *United States v. Fields*, __ F.3d __, 2005 WL 1131778, at * 3, No. 04-12486 (11th Cir. May 16, 2005) (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1302 (11th Cir. 2005), *pet'n cert. denied* (U.S. June 20, 2005) (No. 04-1148)). The third prong requires the defendant to show that the plain error "seriously "affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Rodriguez*, 398 F.3d at 1298 (quotation omitted).

While the district court sentenced Hanna, a 19 year old college student with no prior criminal record, at the bottom of the Guideline range, this fact alone does

not carry the defendant's burden to show that the error affected her substantial rights. *See United States v. Fields*, __ F.3d __, 2005 WL 1131778, at * 4 (holding that appellant's sentence at the bottom of the Guideline range alone was not enough to satisfy third prong of the plain error test). Instead, "the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range establishes only that the court felt that the sentence was appropriate under the mandatory guidelines system[;] [i]t does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." *Id*. Hanna argues that the sentence at the bottom of the Guideline range in addition to the district court's grant of a two-level reduction for minor role, Hanna's release on unsecured bond on the day of her arrest, and the court's acknowledgment of Hanna's eligibility for the Intensive Confinement Center Program and halfway house demonstrates that the district court would have imposed a lesser sentence under an advisory guideline's scheme.

Although the district court sentenced Hanna at the bottom of the Guidelines range and gave Hanna a more lenient sentence than it could have under the then-mandatory Guidelines, to say that the above accommodations by the district court "establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime" would be mere speculation. *See United*

*States v. Fields*, __ F.3d __, 2005 WL 1131778, at * 4. "[T]he fact that the district court went as low as it could under the mandatory guidelines system, without more, is not enough to carry that burden." *Id*.

Because Hanna cannot satisfy the plain error test, we affirm Hanna's sentence.

**AFFIRMED.**